IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**KEVIN LEON SMITH,**

    Plaintiff,

v.                                                      Civil Action No. **3:13CV544**

**SAMUEL E. JERROME,**

    Defendant.

## MEMORANDUM OPINION

Kevin Leon Smith, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Smith contends that, *inter alia*, Defendant Jerrome, a detective with the Virginia Beach Police Department, violated Smith's rights by forcibly taking a DNA sample from Smith. The matter is before the Court on Defendant's Motion to Dismiss and the Court's authority to dismiss inadequate claims by prisoners under 28 U.S.C. § 1915(e)(2).[2] For the reasons stated below, the Court will GRANT the Motion to Dismiss.

### I.    STANDARD FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. 1915(e)(2).

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th

2

Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  SUMMARY OF ALLEGATIONS

The sum of Smith's allegations is as follows:[3]

> On January 25th, 2013, around 11:00 a.m., I Kevin Leon Smith was called upon to go down to the booking/intake section of the Chesapeake Correctional Center. I was met by Virginia Beach Police Detective Samuel E. Jerrome. He identified himself and I immediately stated that I, in no way was going to talk or correspond in any way, without my attorney present and that I'm reserving my *Miranda*[4] rights. He kept persuading me to engage in conversation with him by talking about the charges that I was being charged with. I kept my silence still, and then Detective Jerrome stated that he needed to get my DNA from me. He never produced a search warrant for me to see, so I stated that I will not surrender my DNA without having my attorney present. Detective Jerrome stated that he didn't care about my request and that he was going to get my DNA by choice or by force. So when I refused again, Detective Samuel Jerrome walked over to the control desk and said that I was not cooperating and he was going to use force to get my DNA. That's when Detective Samuel Jerrome and other Chesapeake Sheriff deputies proceeded to assault me to get (4) DNA samples out of my mouth, using the cotton swab method. After they were done and Detective Samuel Jerrome packaged up his samples, Sergeant Parcell, of the Chesapeake Sheriff Department asked for a copy of the search warrant and I heard Detective Samuel Jerrome respond by saying, "I have to come back with it."
> . . . I filed a complaint with the Internal Affairs Department of the Chesapeake Correctional Center, because of involvement of the Chesapeake Sheriff Department. I received a response from them saying that I was wronged but Chesapeake Officers actions were lawful because they were following instructions.
> Refusing to give (DNA) samples is a felony by city code of law. By no way does the police department have any . . . reason to administer force or threaten to admit force upon a person for refusing to submit a DNA sample. Constitutional violations of my (5th) and (8th) Amendment rights.

---

[3] The Court corrects the capitalization, spelling, and punctuation in quotations from Smith's submissions.

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

(Compl. 5, ECF No. 1.) Smith demands monetary damages and a "preliminary injunction (for Virginia Beach grand jury indictment)." (*Id.* at 6.)

The Court construes Smith to raise the following claims for relief:

Claim One: Defendant violated Smith's rights under the Fourth Amendment[5] by taking Smith's DNA sample without a warrant.[6]

Claim Two: Defendant violated Smith's Fifth Amendment rights by: (a) forcibly taking a DNA sample from Smith; and (b) continuing to speak to Smith after he invoked his rights under *Miranda*.[7]

Claim Three: Defendant's forcible taking of DNA constituted an assault in violation of: (a) the Due Process Clause of the Fourteenth Amendment;[8] and (b) state law.

---

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend IV.

[6] Although Smith fails to specifically invoke the Fourth Amendment, his reference to Defendant's failure to obtain a search warrant to obtain the DNA sample calls to mind that amendment. *Cf. Martin v. Gentile*, 849 F.2d 863, 867–68 (4th Cir. 1988) (observing that facts pled by *pro se* plaintiff were "sufficient to make out a cognizable claim" despite "no specific reference" to appropriate constitutional amendment (citing *Haines v. Kerner*, 404 U.S. 519 (1972))).

[7] The Fifth Amendment provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; *nor shall be compelled in any criminal case to be a witness against himself,* nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V (emphasis added). Although Smith is less than clear about how Defendant's action violated his rights under the Fifth Amendment, the Court deems Smith to assert that his privilege against self-incrimination was violated by the actions described above.

[8] While Smith argues that Defendant violated his Eighth Amendment rights, because Smith was a detainee, the Fourteenth Amendment applies. The Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

## III. ANALYSIS

By Memorandum Opinion and Order entered January 16, 2015, the Court dismissed a very similar complaint filed by Smith, raising alleged constitutional violations stemming from the forcible taking of a DNA sample on a different date by different defendants. *See Smith v. Weir*, No. 3:13CV637, 2015 WL 236832, at *1–4 (E.D. Va. Jan. 16, 2015).

### A. Fourth Amendment

In *Maryland v. King*, 133 S. Ct. 1958 (2013), the Supreme Court concluded that:

> In light of the context of a valid arrest[9] supported by probable cause respondent's expectations of privacy were not offended by the minor intrusion of a brief swab of his cheeks. By contrast, that same context of arrest gives rise to significant state interests in identifying respondent not only so that the proper name can be attached to his charges but also so that the criminal justice system can make informed decisions concerning pretrial custody. Upon these considerations the Court concludes that DNA identification of arrestees is a reasonable search that can be considered part of a routine booking procedure. When officers make an arrest supported by probable cause to hold for a serious offense and they bring the suspect to the station to be detained in custody, taking and analyzing a cheek swab of the arrestee's DNA is, like fingerprinting and photographing, a legitimate police booking procedure that is reasonable under the Fourth Amendment.

*Id.* at 1980. Thus, the taking of a DNA sample from Smith, without a warrant, fails to state a claim for the violation of Smith's rights under the Fourth Amendment. Accordingly, to the extent Smith seeks to raise a Fourth Amendment claim, it will be DISMISSED.[10]

---

[9] Smith fails to suggest any deficiency with his initial arrest.

[10] In his response to the Motion to Dismiss, Smith argues that he "was arrested on December 8, 2012 and booked into jail on these charges, so this isn't covered by a booking process right of way . . . ." (Resp. 3, ECF No. 19.) Smith alleges that Defendant Jerrome "waited until January 25, 2013 to come and retrieve a buccal swab sample from me, for purposes solely for evidence for conviction not identity purposes." (*Id.*) Smith wholly fails to allege facts to support this conclusory allegation. Moreover, a review of the Chesapeake Circuit Court docket demonstrates that Smith was arrested on December 9, 2012, December 12, 2012, and again on January 5, 2013 for various crimes ranging from grand and petit larceny, credit card theft and credit card fraud. *See* http://www.courts.state.va.us/courts/circuit/chesapeake (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink

## B. Fifth Amendment

The privilege against self-incrimination "protects a person only against being incriminated by his own compelled testimonial communications." *Doe v. United States*, 487 U.S. 201, 207 (1988) (citations omitted) (internal quotation marks omitted). "It is well established that collection of DNA evidence is not testimonial and therefore does not implicate the Fifth Amendment." *United States v. Ketter*, 456 F. App'x 293, 296 (4th Cir. 2011) (citing *Schmerber v. California*, 384 U.S. 757, 761–65 (1966)). Accordingly, this aspect of Smith's Fifth Amendment claim lacks merit and Claim Two (a) will be DISMISSED.

In *Chavez v. Martinez*, 538 U.S. 760 (2003), a plurality of the Supreme Court held that "[s]tatements compelled by police interrogations of course may not be used against a defendant at trial, but it is not until their use in a criminal case that a violation of the Self–Incrimination Clause occurs." *Id.* at 767 (internal citations omitted). Here, Smith "does not allege any *trial* action that violated his Fifth Amendment rights; thus, *ipso facto*, his claim fails on the [*Chavez*] plurality's reasoning." *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (dismissing plaintiff's § 1983 claim where the complaint failed to indicate plaintiff's statements were used in a court proceeding). Accordingly, Claim Two (b) lacks merit and will be DISMISSED.

---

for "Case Information"; select "Chesapeake Circuit Court" from drop-down menu and follow "Begin" button; type "Smith, Kevin Leon," and then follow "Search by Name" button; then follow hyperlinks for "CR13001561–03 through CR13001561–12"). The Court fails to discern and Smith fails to allege how the taking of a DNA sample after his initial booking, converts the taking of second DNA sample after an arrest for a new charge, into an unreasonable search in violation of the Fourth Amendment.

    Moreover, Smith's assertion that the buccal swab was taken for purposes other than identification, on its own, fails to make the search unreasonable. *See King*, 133 S. Ct. at 1980, 1984 (Scalia, J. dissenting) (acknowledging that in *King* "th[e] search had nothing to do with establishing King's identity" and, thus, under the majority's reasoning, a DNA swab may be taken when "no such noninvestigative motive exists").

C. **Excessive Force**

To the extent Smith seeks to bring a constitutional claim for the use of excessive force by Defendant, such a claim is governed by the Fourteenth Amendment. *See Goodman v. Barber*, 539 F. App'x 87, 89 (4th Cir. 2013) (citation omitted). Under the Fourteenth Amendment standard, a plaintiff must show that the defendant "inflicted unnecessary and wanton pain and suffering upon the detainee." *Carr v. Deeds*, 453 F.3d 593, 605 (4th Cir. 2006) (citations omitted) (internal quotation marks omitted), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Sawyer v. Asbury*, 537 F. App'x 283, 290 (4th Cir. 2013) (citations omitted) (internal quotation marks omitted). Smith's unadorned allegation that Defendant "assaulted" him (Compl. 5) is insufficient to support an inference that Defendant "inflicted unnecessary and wanton pain and suffering upon" Smith. *Carr*, 453 F.3d at 605 (citations omitted) (internal quotation marks omitted). Rather, considered in context, the Complaint suggests Defendant merely employed some limited force in a good faith effort to obtain a buccal swab of Smith's DNA. Accordingly, Smith fails to adequately allege a Fourteenth Amendment claim for the excessive use of force and Claim Three (a) will be DISMISSED WITHOUT PREJUDICE.

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Smith's federal claim, the Court declines to exercise its discretion to retain Smith's state law claim for assault. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Claim Three (b) will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 17) will be GRANTED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Senior U. S. District Judge

Date: 3-24-15
Richmond, Virginia